Anthony Spokes Case number 317-0201 People of the State of Illinois Affiliated by Nicholas Atwood v. Dach Relwani Appellant Ida Zetsky Good morning Your Honor Counsel Between my name and my client's name I'm sure it was a warning of clunking things The focus on this case Your Honor is the fact that the judge granted the state a motion for direct defining in a case where all the defense had to do was come up with prima facie showing which is some evidence that Mr. Relwani and we're not contesting that he was in physical control of the car because he was asleep behind the wheel of a car however we are contesting and I think we showed some evidence enough evidence that he was not driving on a public highway and in addition the second issue here Your Honors is the fact that he did not refuse once he was taken to the police station after he was arrested for a DUI he did not refuse testing now the state in the response says that he refused the testing of blood or urine however there is no such evidence on the record whatsoever in fact the state admits that he refused that he did not refuse to submit to a breathalyzer they it's on the record and I believe that in their response brief they admit to that as well what they want to stretch the record to say is that he refused blood or urine testing when there is no such testimony in fact when he was asked about that he said I don't remember but there is no evidence whatsoever that the police officer provided him or asked him to conduct blood or urine testing there is evidence that the officer did ask him to give a breathalyzer and he did agree to do so however no such testing was taken place and the court file the notice of summary suspension in the court file was remarkably different than the one that was given to my client as the original document that I presented to court to the court and admitted it to evidence was remarkably different there was no marking whatsoever on my client Mr. Rewani's warning to motorists as to whether or not he refused or submitted to the test and there was no time or date for the refusal whereas the court file miraculously had that information and showed that he refused despite the fact that the state agrees that he did not refuse the breathalyzer and there is no evidence whatsoever that any other testing was ever offered to him and so from a prima facie perspective viewpoint prima facie showing Mr. Rewani has shown enough evidence to pass that very low extremely low threshold derives as far as the driving on a public highway this court in people versus cloak K-L-O-K-E has ruled on this particular subject and this court back in 1990 stated that what the officer what needs to be shown was that he had not been driving his vehicle the officer did not see him drive his vehicle in the parking lot and there was no evidence that he drove his vehicle shortly before the arrest on a public highway and that he was sleeping on a public on a private lot in that case it was the green river country club parking lot in our case it is the Walgreens parking lot there is no need for the defendant at this point with this threshold to bring forth actual evidence beyond the fact that he was asleep behind the wheel in a Walgreens parking lot that is enough for the prima facie showing that of the two prongs the one prong that we're not contesting is that he was asleep behind the wheel of a car therefore he is in control of a car however there is no evidence whatsoever that he was driving a vehicle on a public highway now the state wants you to adopt a different district's ruling the second district in people versus health however that district analysis is flawed from the beginning it gives the defendant the burden of proof b that is higher than what is required in the prima facie showing in that case it is possible and I wasn't there and I don't know based on reading of the record exactly at what point the fact that the jewel parking lot was maintained by the city was brought forth however it is clear that it was not it is not what is required for a prima facie showing the court there extended or made the burden of proof raised the burden of proof in a way to more than a simple prima facie burden and therefore it is possible that the defendant lawyer over there decided to bring unfavorable evidence into the case however he was not required and I urge your honors to continue on and follow the close case that is from this district regarding the public highway and the exception of when a police officer approaches somebody that is asleep behind a wheel of a car in a private lot here a Walgreens parking lot and we are at the prima facie phase of the case I'm not going to spend a lot of time talking about the arguments that I raised regarding the beyond the scope I think that this is an abuse of discretion review for that however the judge did take into consideration in her ruling which I believe was completely flawed because she said that in her view a public a private lot can only mean somebody's driveway but she took information that was beyond the scope in her ruling where she claims that beyond the scope is not an objection that is made when somebody is cross examining this is exactly when that objection should be made because when you limit your direct examination a beyond the scope is the only objection that you can make when somebody who cross examines goes beyond the scope of the direct examination so I do believe that the judge was absolutely wrong in her rulings regarding the beyond the scope however the main issue here is the fact that Mr. Rewani did not refuse testing however the court files show that he did and there's no evidence whatsoever that he refused a blood or urine test because he was never asked to perform those and he was not on public highway at the time. Your Honor if there's questions I'm ready to answer. I have one question. You talked about the breathalyzer test never took place     Your Honor. Thank you Your Honor. Thank you Your Honor. Thank you Your Honor. Thank you Your Honor. Thank you Your Honor. Thank you Your Honor. Thank you  Thank you           Your Honor. Thank you Your Honor. Thank you Your Honor. Thank you Your Honor. Thank you Your Honor. Thank you Good morning Your Honor's Principal may please the court my name is Nicholas Sadler and I represent the people of the state of Illinois in this matter. This is my first appearance before the court and I will be arguing off brief in place of Laura DeMichael G. Allen. What a great case to start with then as your first case. Absolutely. I guess that means I'm not going to be responsible for the decision. There are two main issues before the court today. The first is whether the trial judge properly denied the defendant's petition for rescission at the rescission hearing and the second is whether the trial judge properly overruled the defendant's objection during cross-examination. Turning now to the first issue, the trial judge properly denied the defendant's petition for rescission because the defendant did not establish a prima facie case for rescission. A trial court's factual finding in its determination of a prima facie case will be reversed only if those findings are against the manifest weight of the evidence. A factual finding is not against the manifest weight of the evidence merely because the record might contain information to the contrary. The ultimate issue is one of statutory construction, that being the elements of the summary suspension statute and this court will review that de novo. A statutory summary suspension hearing is a civil matter, it's not a criminal matter. As such, the defendant bears the initial burden of establishing a prima facie case as to the elements. Now, the relevant elements in this case come from the statutory summary suspension statute. They are that the defendant is in actual physical control or driving a vehicle on the public highways of the state of Illinois and that that driver had to refuse to submit to a breathalyzer test in order to be under the statute's jurisdiction. In this case, as the people be held case in the second district held, the defendant has to establish at least some evidence, which we'll agree it's a minimal burden, but some evidence has to be established and put forth by the defendant as to each element. The actual physical control, the public highway, and the refusal to submit to the test. As defense counsel stated, they don't contend that they did not provide any evidence that the driver was not in actual physical control of the vehicle and the record reflects that the driver was the sole occupant of the Walgreens parking lot. The keys were in the ignition and the car was running when the police arrived on that night. On that fact alone, this court should uphold the trial court's decision to move for a directed finding. Where a defendant fails to establish a prima facie case, a directed finding is warranted as the case law holds. Additionally, the defendant says that the state failed to present any evidence that the driver of the vehicle had driven on a public highway. However, the cross examination in question elicits a testimony from the defendant. In the record, pages 13 and 14, the defendant states that he was the driver of the vehicle, that he had come from a restaurant in Chicago to Joliet where he was found at the Walgreens parking lot and that he was the sole occupant. It is not physically possible to drive from Chicago to Joliet without having first driven on public highways. Now, the defendant contends that this court should overturn the trial judge's ruling because the trial judge made an error in her ruling. In stating that private highways really is something to do with driveways. Even if that is the case, as this court has held in People v. Ringland, if the trial judge makes an error, that's fine. But this court reviews the trial court's judgment, not just her reasoning. And this court can justify the trial judge's ruling based on any evidence that is within the record. And so, based on the fact that the defendant was in actual control of the vehicle and did not present evidence to rebut that claim, this court can affirm on that basis alone. However, the other fact that the defendant failed to provide evidence towards is that the private... Can I direct you backwards just a little bit? Sure. Are you conceding the issue that the parking lot is not a public highway? No, I'm saying that right now. Because you're arguing that he had to drive on a highway to get to that parking lot. That's just on the issue of the question of whether or not he drove on a public highway at or near the time he was found. An arresting officer does not have to observe the defendant drive on a public highway. There just has to be some evidence that he had driven on a public highway at or near the time of the arrest. And additionally, the people are not submitting that the Walgreens parking lot was a private lot. The defendant's only evidence that they presented that this was a private lot was simply stating that it was a Walgreens parking lot. And that's not sufficient based on the case law as people be held, which is a remarkably similar case. Is he being suspended for driving to the parking lot on the highways or being in the parking lot? Well, depending on the court's determination, it could be either one. Because the case law only requires that he had been driving on a public highway at or near the time. And so on that evening, he had consumed alcohol at the restaurant and had driven on a public highway. However, in the context of the statutory summary suspension hearing, the defendant has to show evidence that he was not on a public highway. But as the case law holds, people be culverts and says that a private lot can be a public highway. It's just a matter of proving who maintains that parking lot. And in order to provide evidence that this was not a public highway, at the hearing, the defendant needed to put on some sort of evidence that shows that this is not a private lot, that this is somehow, or that this is not a public highway. They did not do that. They merely stated that this is a Walgreens. That's the exact same situation in health where the defendant failed to put on any evidence other than stating that this is a Jewel Osco grocery store. It's not sufficient under the case law to do that. And as such, they have not shifted the burden of the state on that issue as well. In their brief, the defendant cited a number of different cases which they believe distinguishes the court's ruling. That's people be Ayers, people be Kissel, and people be Montelongo. Those cases are readily distinguishable. People be Ayers, it was undisputed that the driver was on a private lot. In Kissel, there was no evidence presented on whether the driver had driven on a public highway at or near the time of the event. So that's a distinguishable case. And finally, in people be Montelongo, there was ample evidence to show that the lot was private. There was signage that indicated it was private. There was fencing which indicated that the lot was not always open to the public. And there was third party testimony that that lot was not publicly maintained. That's the type of evidence that needs to be shown at a hearing to shift the burden from the defendant to the state. And they failed to do that in this case. Refusing to submit to the test. Now, the defendant wants us to believe that the officer did not inquire or ask the defendant to take any blood or chemical testing. And in the testimony,  that he did submit to a breathalyzer. The defendant contends that we agree that he submitted to a breathalyzer, except that's not what our briefs say. Our brief states that we agree that the defendant testified that he admitted to it. But whether or not that testimony is truthful, we don't know. Additionally... So what happened? What do we know? What we do know is that the police took him to the Joliet Police Department. And that's evidenced by the law officer's sworn report and the notice of summary suspension. Somehow the defendant has a copy which does not contain information only as to where the refusal took place and when the refusal took place. However, in the hearing on page 7 of the record, the defense counsel asked the court to take judicial notice of the court file. Therefore, that information was able to be considered by the trial judge when she made her ruling. In the court file, the law officer's sworn report on page 9 of the common law record states that the time of refusal was the night of the arrest, I believe October 10th. And it also states the place of refusal was at the Joliet Police Department. That evidence was available to the defense counsel and to the judge at that time. And while it may not have been on the copy that was provided to the motorist, the motorist did sign the warning to the motorist. Clearly on, I believe, page 6 in the common law record, the defendant's signature is on the warning to the motorist which outlines all the potential consequences for refusing to submit to a breathalyzer and other testing. The only evidence that the defense has provided that they agreed to this testing was the defendant's own testimony, which is easily rebutted by the law officer's sworn report and the notice the motorist in the court's file, which clearly indicate a refusal. So the state believes that the defendant failed to meet their burden on that, and as such, having not shifted the burden to the state, a directive finding was warranted, and we believe this court should uphold the trial court's ruling on that issue. Turning now to the second issue, the trial judge did not have used her discretion in allowing cross examination outside the scope of direct, because the trial judge has wide discretion in this matter, and they're allowed to accept cross examination off the scope of direct if that tends to explain, discredit, or destroy the witness's testimony. As we stated in our brief, the people's cross exam was proper because the defendant testified as to what his interaction with the police officers that night was. The defendant said that he had admitted to using heroin and other drugs on that night, and it was appropriate for the people to go outside the scope on cross exam so that we could elicit further testimony and create a proper context for the trial judge to rule. And as I explained earlier, it was in that cross exam which established that the defendant told the officer that he had been driving from Chicago to Joliet, and that he had taken heavy drugs as well as consuming alcohol. So those facts were very relevant to the judge's decision and were not an abuse of her discretion in that matter. Additionally, for the standard of review, for that to be inappropriate and for this judge to overturn that court's decision, the defendant has to show that it was an abuse of the trial judge's discretion and that it created some manifest prejudice to the defendant. And the people submit that it did not create a manifest prejudice to the defendant because the defendant failed to establish the proper elements earlier as far as actual physical control and whether or not he had driven on a public highway. It was a foregone conclusion that a directed finding was warranted because those issues simply weren't addressed in the defendant's case in chief at the hearing. And if there are no further questions, the people would ask that this court affirm the trial  uphold the summary suspension. If we choose not to affirm, what is the remedy that you would request? I believe the proper remedy would just be to remand the trial court and allow the state to provide an opportunity to rebut the evidence. There would not be any need to remove the defendant's summary suspension. The state would just need to present evidence to rebut his initial prima facie case. Why didn't they do that at the trial? Because they moved for a directed finding and the judge found that the burden had not shifted to the state. Thank you. Thank you. I do agree with counsel in his response to your question, Your Honor, that my opinion as well is that this court should reverse and remand the case for further proceedings. You've asked for both. You've asked for us to rescind the statutory summary suspension. I did, Your Honor. And so you're kind of backing away from that. It's not that I'm backing away. I do believe that there was not a full hearing on there. Obviously, I will be more than delighted if Your Honors will rescind the summary suspension, but I think the proper way to handle this case is by reversing it and remanding it for further proceedings because the state does need to put on, and they can still rebut the evidence that was put forth, which is, as I explained before, is simple prima facie. So I'm showing, Your Honors, counsel is arguing. Let me back you up just a little bit with regard to the remedy. You're arguing that the objection to the scope of direct examination caused prejudice to your client, and honestly, I see some merit to that issue because the client admitted driving to the parking lot. No, he did not, Your Honor. He never admitted to driving anywhere in the car. He admitted to being in the car with his family. This is exactly what he said. I came home from a restaurant with my family. That's on page 13. And then he says, and then the state asked him, I guess, an artfully crafted question by saying, but you have been driving from the restaurant with your family. He answered correct, but you have been driving with your family does not Okay, so that twist of the facts means there was no prejudice. The questions that exceeded the scope of direction about how he came to be in the parking lot? Correct. If your interpretation is he came to be in the parking lot because he was in a car, not necessarily   my client? What prejudiced my client is it was throughout the, it was not only on that issue of driving but it was on the issue of driving that the judge has ruled against my objection for beyond the scope. It was about, I counted page 12, 14, 15, 18, 29, and 30 where the judge has had mentioned or ruled during her ruling relying on testimony that was brought in on the beyond the scope. As I explained before your honors, this is an issue that is problematic in the courtroom at that time because it is an absolute wrong ruling by the judge. Let's say, assuming for the sake of argument, I agree with you. I need to understand what facts she considered that prejudiced your client. Now you've explained that she just said he was in the car as it was traveling from the restaurant to the parking lot. But what other facts prejudiced your client? The judge in her ruling on page 29 said, however, when asked several questions under cross-examination it was cross-examination so it's not beyond the scope. His ability to remember and recall, he pretty much says, I guess I didn't recall because of taking multiple number of drugs. He doesn't recall having any beer in the vehicle. But yet put into evidence again was the fact that the officer wrote that he observed an open bottle of alcohol. So she brings in information that first is not truly in the  of the case. She takes into account when she makes the ruling relying on what my client could not recall based on answers that were beyond the scope of the direct examination. So it is in a ruling for a prima facie case which you need only some showing, it is prejudicial because those On what issue? In this issue, well on the issue of whether or not my client was took the breathalyzer, well the refusal, judge. The refusal, and that's exactly what she's talking about here, he cannot remember regarding the refusal because he was taking multiple drugs. I think I understand your argument. I think it's fair to say the trial court wasn't exactly articulate in reciting the basis of the ruling. It was a bit of a wandering logic, thinking out loud, that makes the record difficult. Yes, Your Honor. Very difficult. Thank you. The fact that the court took into account the court file warning to motorist, which is exactly the same as my client received the warning to motorist, and it's not somehow the defendant received a copy as counsel claims, it's every defendant receives one as they leave the police station, an original copy of the warning to motorist that he allegedly was read and was supposed to receive at the end when he was released. My client had one copy. The court file had a completely different, not a completely different, but a copy that had additional information. That alone shows prima facie evidence that my client did not refuse because his copy did not show that he did not refuse. The court's copy showed that it did refuse. That is prima facie showing. As far as the public highway, there is no testimony that my client drove on a public highway. I encourage this court to continue on with its proper ruling in cloak where the court specifically stated that under the section the state states that a person must first drive on a public highway of the state to be subjected to summary suspension. That's the law. And then the court continues and said the petitioner presented testimony that he had not driven his vehicle and his keys in that case was over the visor. For these reasons we find the petitioner presented a prima facie case establishing that he had not driven on a public highway. This is exactly on four corners exactly the same as our case. In that case there was no other evidence besides the fact that he was in the country club parking lot. Here we have that as well. But there's a distinguishing factor in that the keys in this case were not in the visor. Yes, Your Honor, it's a distinguishing but it's a distinction with no difference because courts have ruled, your court ruled, I think the Supreme Court ruled that whether the keys in the ignition or in the visor makes no difference, the person is in control of the car. It's the issue of being on a public, on a private lot that is the issue. Thank you.